IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CRAIG GABALDON,

    Plaintiff,

vs.                                      Civ. No. 23-35 JCH/SCY

NEW MEXICO STATE POLICE;
KEVIN SMITH, in his individual
capacity; and KURTIS WARD, in
his individual capacity,

    Defendants.

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO COMPEL**

Plaintiff brings this lawsuit alleging that, while riding his motorcycle, Defendant Smith followed him to his house and, after engaging with him, forcefully threw him on the ground. Doc. 1-1 ¶¶ 8-27. Presently before the Court is the State Defendants' Motion to Compel Plaintiff Craig Gabaldon to Provide Complete Answers and Responses to Discovery. Doc. 23; *see also* Doc. 24 (response); Doc. 26 (reply). For the reasons discussed below, the Court grants in part and denies in part the motion to compel.

**PROCEDURAL BACKGROUND**

Defendants propounded their first set of interrogatories and requests for production on Plaintiff on March 23, 2023. Plaintiff responded to that discovery on May 12, 2023. Docs. 23-1, 23-2. Defendants sent a good faith letter to Plaintiff on May 29 (a federal holiday), outlining perceived deficiencies in Plaintiff's responses and requesting that Plaintiff supplement within three days, by June 1. Doc. 23-3. Plaintiff's counsel responded to the letter by informing Defendants that he could not meet the short deadline and instead would respond by June 9. Doc.

23-4. The parties therefore agreed to extend Defendants' deadline to file a motion to compel until June 16, 2023. Doc. 23-5; Doc. 22. On June 8, Plaintiff responded to Defendants' good faith letter. Doc 23-6. Defendants still believed Plaintiff's answers to be lacking and so on June 15, 2023, attorneys for both sides held a telephonic "meet and confer" conference. The following day, June 16, counsel for Defendants emailed counsel for Plaintiff a summary of the agreements made during their telephone conference. Doc. 23-7. The June 16 email memorialized that the parties reached supplementation agreements on all matters except Interrogatory No. 14 (on which the parties agreed a motion to compel would be necessary). *Id.* The email also memorialized that Plaintiff agreed to provide supplementations by June 30 and requested that Plaintiff agree to extend Defendants' deadline to move to compel to June 30. *Id.*

On June 30, by 6:02 p.m., Defendants had not received Plaintiff's supplemental responses and so filed the present motion to compel. Doc. 23. Plaintiff, for his part, explains that he was completing the supplementations, which would resolve the issues as outlined in the June 16 meet and confer email, when Defendants filed a motion to compel that, in addition to addressing Interrogatory No. 14, addressed the discovery Plaintiff was in the process of supplementing. Doc. 24 at 2. Plaintiff then did not supplement his responses until July 17, 2023, when he filed his response to the present motion to compel and attached his supplemental responses. Doc. 24-1.[1]

---

[1] If Defendants filed their motion to compel because they had not received Plaintiff's supplements by June 30, and if Plaintiff did not supplement on June 30 because Defendants filed their motion to compel on June 30, it appears that the majority of this briefing could have been avoided if the parties had simply staggered the deadline for Plaintiff to supplement and the deadline for Defendants to file a motion to compel by one business day, instead of setting those deadlines on the same day. Defendants assert that they made "several requests" to Plaintiff to extend their June 30 motion to compel deadline, but that Plaintiff never responded. Doc. 26 at 3-4. Defendants, however, do not state what further extension they sought and it is not clear from

2

## ANALYSIS

In their motion, Defendants ask that the Court compel Plaintiff to fully respond to seven interrogatories and seven requests for production. The Court will address these discovery questions in turn, grouping together related issues.

**1. Interrogatories No. 9, 11, 12, 15, & 18**

Defendants seek to compel complete responses to Interrogatories No. 9, 11, 12, 15, and 18. However, Plaintiff's supplemental discovery answers, attached as an exhibit to his response to the present motion to compel, contain supplemental responses to those questions. *See* Doc. 24-1. In their reply, Defendants acknowledge these supplements, but argue that "[t]o this day, Plaintiff has not properly served State Defendants with supplemental discovery, leaving them to guess the extent of the information in Plaintiff's possession."[2] Doc. 26 at 3. Defendants provide no further information as to how the supplemental answers are lacking or what further supplemental discovery is required to evaluate the issue. Indeed, Defendants do not explain how

---

the documents they cite that they actually requested an extension beyond the June 30 deadline. The record shows that, on June 16, 2023 at 9:46 a.m. Defendants, through attorney Ted Asbury, sent Plaintiff an email that summarized the June 15 meet and confer and requested an extension on Defendants' motion to compel deadline until June 30. Doc. 23-7. That night of June 16, at 8:17 p.m., Defendants, through paralegal Bonnie Dewitt, sent for Plaintiff's approval a draft of an unopposed motion to extend the deadline for filing a motion to compel along with a proposed order granting the motion. Doc. 26-1. Although the Dewitt email does not indicate what date the motion to compel deadline would be extended to, it stands to reason that it would be the same deadline Ted Asbury proposed in his email earlier that day—June 30. On June 22, Ted Asbury sent a follow-up email, again asking for concurrence on the unopposed motion and order. *Id.* At a minimum, nothing in this "follow-up email to Plaintiff's counsel on June 22, 2023" indicates an extension request beyond June 30. Doc. 26 at 4 (citing Doc. 26-1).

[2] The Court considers Plaintiff, by attaching his supplemental discovery responses to his response to the motion to compel, to have served this supplemental discovery on Defendants. *See* Fed. R. Civ. P 5(b)(2)(E) ("A paper is served under this rule by . . . sending it to a registered user by filing it with the court's electronic-filing system."). In the future, however, Plaintiff should avoid serving discovery in this manner, as parties serving discovery should file a certificate of service rather than filing the actual discovery provided. D.N.M. LR-Civ. 26.2.

3

Plaintiff's supplement, done in accordance with the parties' agreements from the June 15 meet and confer, fails to resolve this matter. *Compare* Doc. 24-1 (Plaintiff's supplemental answers)*, with* Doc. 23-7 (meet and confer summary). Thus, to the extent Defendants seek information beyond that which Plaintiff provided as an exhibit, because Defendants have not indicated what information is missing, the Court denies the motion to compel more information as to Interrogatories No. 9, 11, 12, 15, and 18.

2. **Interrogatory No. 20 and Requests for Production No. 1, 2, 3, 4, 5, 6, & 7**

Defendants' motion to compel also seeks to compel responses to several questions that Plaintiff already answered and for which he confirmed that he has no further information to provide. Specifically, Plaintiff initially provided an answer to Interrogatory No. 20 and produced documents in response to Requests for Production No. 1, 2, 3, 4, 5, 6, and 7. Doc. 23-1 at 9; Doc. 23-9 at 1-7. Defendants were unconvinced that Plaintiff provided complete responses, but during the June 15 meet and confer, Plaintiff confirmed that he does not have any further responsive information, beyond which he already produced, for those questions. *See* Doc. 23-7 at 2-3. In the present motion, Defendants again assert that Plaintiff has not provided complete responses but do not explain what further information they are seeking to compel when, prior to filing their motion, Plaintiff confirmed that he has no further responsive information. The Court therefore denies Defendants' motion to compel more information as to Interrogatory No. 20 and Requests for Productions No. 1, 2, 3, 4, 5, 6, and 7.

3. **Interrogatory No. 14**

Interrogatory No. 14 asks Plaintiff to "provide a list of each and every motorcycle club, association, organization, or entity in which [he is] affiliated, associated, or a member," and provide the following information for each:

4

> A. The name(s) of the motorcycle club, association, organization, or entity;
> B. The purpose(s) of the club, association, organization, or entity;
> C. Any symbols, markings, or other visual representations that identify the club, association, organization, or entity;
> D. Describe with specificity your membership and/or role in the club, association, organization, or entity.
> E. The name, address, and cellular telephone number of the President, Vice-President, and Secretary of the club, association, organization, or entity;
> F. Whether you participated in any club, association, organization, or entity functions within an eight-hour period prior to the incident described in the Plaintiff's Complaint.

Doc. 23-1 at 6. Plaintiff objected to this question as irrelevant, not proportional to the needs of the case, overbroad, unduly burdensome, and filed for the purpose of harassing and oppressing him. *Id.* During the meet and confer process, Plaintiff did not supplement Interrogatory No. 14, nor indicate that he has no further responsive information to share, as with the other discovery questions, but instead maintained his objections. Doc. 23-7 at 2. In response to the present motion to compel, Plaintiff again asserts that the information sought in Interrogatory No. 14 is irrelevant. Doc. 24 at 3.

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Discovery relevance is "to be construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any party's claim or defense." *Kennicott v. Sandia Corp.*, 327 F.R.D. 454, 469 (D.N.M. 2018) (internal quotation marks and citation omitted).

Defendants argue that this information is relevant because, in parallel criminal proceedings, Plaintiff argued that the sole reason Defendant Smith stopped and arrested him was because he was wearing a patch on his jacket. *See* Doc. 23-9 at 1 (motion to suppress in the criminal case in which there-Defendant Gabaldon argues that "Officer Smith lacked reasonable

5

suspicion and targeted Defendant only because he was visibly wearing a Bandidos Motorcycle Club vest"). Thus, Defendants argue that this information is relevant to any First Amendment claim that Plaintiff plans to bring. Doc. 23 at 7. The Court agrees that information regarding Plaintiff's membership in any motorcycle club, the purpose of such clubs, and symbols of the clubs is relevant. Given that a central issue in this case will likely be why Defendant Smith stopped Plaintiff, and the reasonableness of force Defendant used on him, Plaintiff's membership and his display of such membership is relevant as to how Defendant Smith would have perceived the situation. However, the Court finds that Defendants have failed to explain the relevance of Plaintiff's role in any club and information regarding other club members.

For these reasons, the Court grants to the motion to compel as to subsections A, B, and C of Interrogatory No. 14, but denies it as to subsections D and E. Lastly, subsection F—which asks whether Plaintiff participated in any club function within eight hours prior to the incident—is cumulative of Interrogatory No. 12—which asked Plaintiff to provide a chronology of his whereabouts in the eight hours prior to the incident (Doc. 23-1 at 5)—and so the Court denies the motion to compel as to subsection F.

## CONCLUSION

For the reasons discussed above, the Court GRANTS IN PART AND DENIES IN PART State Defendants' Motion to Compel Plaintiff Craig Gabaldon to Provide Complete Answer and Responses to Discovery (Doc. 23) as follows:

- Within 14 days of the entry of this Order, Plaintiff shall provide a complete response to Interrogatory No. 14, subsections A, B, and C; and

- the motion to compel is denied as to all other Interrogatories (including subsections D, E, and F of Interrogatory No. 14) and Requests for Production.

Because the Court grants in part and denies in part the motion to compel, it will deny fees as to either side. *See* Fed. R. Civ. P. 37(a)(5).

                                              _____
                                              **Steven C. Yarbrough**
                                              **United States Magistrate Judge**